IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **HUNTER R. LEVI,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No. 08-00398-CV-W-RED |
| **ANHEUSER-BUSCH CO. INC., et al** | ) ) ) |
| **Defendants.** | ) |

## ORDER

Before the Court are Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1) & 12(b)(6) (Doc. 42), and Suggestions in Support (Doc. 43); Defendant Aerotek's Motion to Dismiss (Doc. 44), and Suggestions in Support (Doc. 45); Plaintiff's Request for Judgment Against AB, Punitive Damages Hearing and an Adding of Special Damages (Doc. 47); and various responses and replies to the motions in question. For the reasons stated herein, Defendants' motions to dismiss are **GRANTED IN PART and DENIED IN PART** as moot (Doc. 42, 44), Plaintiff's Request for Judgment is **DENIED** (Doc. 47), and Plaintiff's case is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Plaintiff Hunter Levi (hereinafter "Levi" or "Plaintiff"), proceeding *pro se*, filed the present lawsuit against Defendants Anheuser-Busch, a number of individuals allegedly associated with Anheuser-Busch, and various other entities and individuals all allegedly involved in illegal actions committed during the termination of Levi's employment at Anheuser-Busch, and subsequent legal proceedings involving said termination. In his complaint, Plaintiff alleges Anheuser-Busch illegally terminated him on August 6, 2003, "because he failed to follow [Anheuser-Busch] orders to keep quiet about a conspiracy to commit securities fraud on [Anheuser-Busch] shareholders; undertaken

by [Anheuser-Busch] executives and board members starting in 1997." Plaintiff alleges the termination and the actions of the various Defendants violated both Missouri law and the whistleblower retaliation provisions of the Sarbanes-Oxley Act.

In his complaint, Plaintiff notes he previously filed four separate Sarbanes-Oxley (hereinafter "SOX") actions with the United States Department of Labor (hereinafter "USDOL"), all of which related to his termination from Anheuser-Busch. Through administrative proceedings, the USDOL dismissed all four of Plaintiff's SOX actions (hereinafter "Levi I," "Levi II," "Levi III," and "Levi IV"). In Levi I, Plaintiff filed a complaint with the Department of Labor's Occupational Safety and Health Administration (hereinafter "OSHA"), and after review, OSHA rejected Plaintiff's claim as untimely. Plaintiff objected, and on review the USDOL Administrative Law Judge (hereinafter "ALJ") dismissed Plaintiff's SOX complaint because Plaintiff failed to file within the ninety day limitations period mandated by 18 U.S.C. § 1514A(b)(2)(D). Thereafter, Plaintiff filed a second SOX complaint ("Levi II"), this time alleging Anheuser-Busch violated the whistleblower protection provisions of SOX when its counsel allegedly made false statements in the Levi I motion to dismiss. The ALJ granted summary judgment in favor of the Defendants in the Levi II proceedings. Plaintiff subsequently filed a third complaint ("Levi III") alleging retaliation and blacklisting under SOX, and again the ALJ dismissed Levi's claims as untimely and duplicative. Plaintiff appealed the Levi I, Levi II, and Levi III dismissals to the USDOL Administrative Review Board (hereinafter "ARB"), and after consolidating the appeals, the ARB issued its Final Decision and Order affirming the dismissal of all claims under SOX in those three administrative proceedings on April 30, 2008. Plaintiff notes in his complaint that he "plans to seek review of the [ARB] decision at the D.C. U.S. Court of Appeals," and on June 17, 2008, Plaintiff filed a Petition for Review of the ARB decision

with the United States Court of Appeals for the District of Columbia Circuit. The appeal is currently pending. Plaintiff's final action, Levi IV, is currently on appeal to the ARB.[1]

Defendants moved to dismiss the present case, and offer a bevy of arguments in support of their motions to dismiss. Included in those motions are arguments the Court lacks jurisdiction over the SOX claims, Plaintiff's claims are barred by the doctrines of *res judicata* and laches, Plaintiff's claims are time-barred, and Plaintiff failed to state a Missouri state law claim. Plaintiff argues the legality of the events surrounding his termination were never litigated in the USDOL proceedings, and therefore he should be able to proceed on all his claims against all current Defendants in this Court.

## **LEGAL STANDARD**

When considering a motion to dismiss, the complaint must be liberally construed, and the facts alleged therein taken as true, with all reasonable inferences from those facts being construed in the nonmoving party's favor. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). However, courts will not accept as true any conclusory allegations or unwarranted inferences. *Silver v. H & R Block, Inc.*, 105 F.3d 294, 297 (8th Cir. 1997). In order to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face". *Bell Atl. Corp. v. Twombly*, — U.S. ----, 127 S. Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his

---

[1] In his complaint, Plaintiff notes the Levi IV proceeding focuses on Anheuser-Busch's "failure to rehire Levi in 2007," and that since "[Levi IV] is about [Anheuser-Busch] rehiring [Levi], not terminating [Levi]; it should not create a problem for the court" in reviewing his asserted claims. As Plaintiff's statement about Levi IV implies, his entire complaint focuses on his termination from Anheuser-Busch and the subsequent first three USDOL proceedings addressing the termination, and there is no indication in the complaint that Plaintiff seeks review of the Levi IV proceeding in this action.

3

Case 4:08-cv-00398-RED   Document 66   Filed 10/27/08   Page 3 of 11

'entitlement to relief' requires more than labels and conclusions," and therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true." *Id.* at 1964-65. In other words, the facts set forth in the complaint must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 1974.

*Pro se* pleadings are held to a less stringent standard when challenged by motions to dismiss. *Roller v. U.S.*, 2008 WL 835677, at *2 (D. Minn. 2008). However, a *pro se* complaint must still comply with the Federal Rules of Civil Procedure, and must contain specific facts to support its conclusions. *Id.* (citing *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981)).

## **DISCUSSION**

Plaintiff asserts three causes of action against the various Defendants in his complaint: (1) a claim against Anheuser-Busch based on the whistleblower protection provisions of the Sarbanes-Oxley Act, (2) a Missouri state wrongful discharge claim against Anheuser-Busch, and (3) a Missouri state civil conspiracy claim against all named Defendants. For the reasons discussed hereinafter, the Court finds Plaintiff's claims are due to be dismissed.

**I.   SOX Claims**[2]

In his complaint, Plaintiff asserts 18 U.S.C. § 1514A, a statutory provision of the Sarbanes-Oxley Act designed to protect whistleblower employees of publicly traded companies, as the basis for his SOX claims. Under § 1514A, "[a] person who alleges discharge or other discrimination" in violation of the section may seek relief under § 1514A by: (a) filing a complaint with the Secretary

---

[2] Defendants argue Plaintiff conceded his SOX claims in statements made in his response to the motions to dismiss. The Court declines to address this argument, and will consider Plaintiff's SOX claims.

4

of Labor, or (b) if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for *de novo* review in the appropriate district court of the United States. 18 U.S.C. § 1514A(b)(1). Once the complaint is filed with the Secretary of Labor, 29 C.F.R. § 1980 *et seq*. governs the administrative procedures before the USDOL. *See also Powers v. NWA, Inc*., 2006 WL 984738, at *2 (W.D. Tenn. 2006) (describing administrative process in § 1514A action). After preliminary investigation of the complaint and written findings by the Assistant Secretary of Labor for Occupational Safety and Health, an administrative law judge (hereinafter "ALJ") conducts a *de novo* hearing, and thereafter issues a decision containing findings and conclusions. *See* 29 C.F.R. §§ 1980.104, 1980.105(a), 1980.107(b), 1980.109(a). Any party seeking to review a decision of the ALJ may file a petition for review with the Administrative Review Board (hereinafter "ARB"). *See* 29 C.F.R. § 1980.110(a). If a party does not timely file a petition for review by the ARB, the ALJ's order becomes the final order of the Secretary of Labor. *Id.* at § 1980.110(b). If a party does timely file for review of the ALJ's decision with the ARB, then the subsequent decision and order of the ARB represents the final decision and order of the Secretary. *Id.* at § 1980.110(c).

After issuance of the final decision of the Secretary of Labor, "[a]ny person adversely affected or aggrieved by [the Secretary's order] may obtain review of the order in the United States Court of Appeals for the circuit in which the violation, with respect to which the order was issued, allegedly occurred or the circuit in which the complainant resided on the date of such violation." 49 U.S.C. § 42121(b)(4)(A) (incorporated into 18 U.S.C. § 1514A as governing the rules and procedures for SOX actions brought pursuant to § 1514A); 18 U.S.C. § 1514A(b)(2)(A); 29 C.F.R.

5

§ 1980.112(a). A final order of the Secretary is not subject to judicial review in any criminal or other civil proceeding if review either was obtained or could have been obtained in the appropriate United States Court of Appeals. *See* 49 U.S.C. § 42121(b)(4)(B); 29 C.F.R. § 1980.112(a).

Plaintiff proceeded on his § 1514A SOX claims through the administrative process to a final order of the Secretary of Labor in three consolidated proceedings, all of which related to his termination from Anheuser-Busch (and stated the same claims as those asserted herein). When the ARB issued its Final Decision and Order affirming dismissal of all three of Plaintiff's complaints before the USDOL, the appropriate United States Court of Appeals became Plaintiff's exclusive venue for review of the Secretary's order. In his complaint, Plaintiff indicates he has already sought review by the United States Court of Appeals for the D.C. Circuit. Pursuant to 49 U.S.C. § 42121(b)(4)(B) and 18 U.S.C. § 1514A(b)(2)(A), Plaintiff cannot collaterally attack the final decision of the Secretary of Labor in proceedings in a separate United States District Court. As for his Levi IV proceeding, which was not consolidated into the ARB's Final Decision and Order issued on April 30, 2008, there is no indication Plaintiff followed the proper administrative procedures to invoke this Court's jurisdiction.[3] Since the Court lacks jurisdiction to entertain Plaintiff's SOX

---

[3] While § 1514A does outline circumstances where a SOX plaintiff might be able to proceed in a United States District Court, Plaintiff does not meet the criteria to do so. Under § 1514A, a plaintiff may bring an action in district court only "if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant." 18 U.S.C. § 1514A(b)(1)(B). A plaintiff wishing to proceed in district court must not only first file with the Secretary of Labor and meet the criteria of § 1514A(b)(1)(B), but must also file a notice of his or her intention to file a complaint in district court with the ALJ or the ARB (depending on where the proceeding is pending) fifteen days in advance of filing in district court. 29 C.F.R. § 1980.114(b). Regarding Levi I, Levi II, and Levi III, Plaintiff never provided the appropriate fifteen day notice to the ALJ or ARB, and instead proceeded to final order, foreclosing his ability to bring suit in federal district court on those actions. Though Levi IV is still pending, there is no indication in his complaint that Plaintiff actually seeks this Court's review of the Levi IV proceeding. Indeed, Plaintiff stated in his briefing to ARB in the Levi IV appeal that "Levi's filing for review of Levi I, II & III in federal court is in no way an indication that Levi wants a jurisdiction outside the USDOL to address the ALJ error in Levi IV." Brief for Hunter R. Levi, *Levi v. Anheuser-Busch Cos., Inc.*, ARB Case No. 08-086, 2008 SOX 28, at *9 (June 27, 2008) (filed after Plaintiff initiated the present action). Even if Plaintiff is seeking review of Levi IV, there is no indication in the complaint or otherwise that he provided the necessary notice to the ARB prior to filing in

6

Case 4:08-cv-00398-RED   Document 66   Filed 10/27/08   Page 6 of 11

claims, Defendants' motion to dismiss is **GRANTED** (Doc. 42) to the extent discussed herein, and Plaintiff's SOX claims are **DISMISSED**.[4]

With the Court's finding that it lacks jurisdiction to entertain Plaintiff's SOX claims, Defendants *res judicata* and laches arguments are moot. Therefore, the portions of Defendants' motion to dismiss advancing these arguments are **DENIED AS MOOT** (Doc. 42).

**II.     Missouri State Law Claims**

In addition to his SOX claims, Plaintiff also asserts a Missouri state law claim for wrongful discharge against Defendant Anheuser-Busch, and also for civil conspiracy against all the named Defendants. For the reasons that follow, Plaintiff's state law claims are dismissed.

    **A.     Wrongful Discharge Claim**

Although the Missouri Supreme Court has not expressly adopted or defined a public policy exception to the employment-at-will doctrine, the Eighth Circuit has recognized a number of Missouri appellate decisions finding a limited, narrow public policy exception that allows a former employee to seek recovery for wrongful termination when the termination was in retaliation for,

---

federal district court. Without indication that he notified the ARB of his intent to proceed in federal district court, Plaintiff cannot properly invoke this Court's jurisdiction for review of the Levi IV proceeding. *See* 29 C.F.R. § 1980.114(b).

[4] To the extent Plaintiff seeks to proceed under § 1514A against Defendants who were not named in the Levi I, Levi II, or Levi III proceedings, Plaintiff failed to first file such grievances with the Secretary of Labor and pursue his administrative remedies, much less meet the other statutory criteria to invoke this Court's jurisdiction. Even if Plaintiff wanted to initiate proceedings against the individual Defendants named herein who were not named in the USDOL proceedings for alleged violations related to his termination from Anheuser-Busch, or wanted to raise any new arguments relating to his allegations surrounding his termination, he can no longer do so. Section 1514A requires any action initiated pursuant to its provisions be filed with the USDOL within 90 days after the date of the violation, and therefore Plaintiff's operative time to pursue claims against any new Defendants (including those named herein) for any actions related to his termination from Anheuser-Busch has long since lapsed. *See* 18 U.S.C. § 1514A(b)(2)(D). Similarly, Plaintiff forfeited any new arguments he seeks to raise herein by failing to raise them before the ARB. *See Welch v. Chao*, 536 F.3d 269, 279 (4th Cir. 2008).

among other possibilities, the employee's reporting violations of law by fellow employees or supervisors. *Gentry v. Home Depot, Inc.*, 2007 WL 781829, at *2 (W.D. Mo. 2007). Plaintiff has attempted to proceed under such a claim. However, the Court need not consider the merits of Plaintiff's claim, as he filed his wrongful discharge action outside the statutory limitations period.

Actions for wrongful discharge are subject to the five-year statute of limitations period as actions "for any other injury to the person or rights of another, not arising on contract." MO. ANN. STAT. § 516.120(4); 34 MISSOURI PRACTICE SERIES, PERSONAL INJURY AND TORTS HANDBOOK § 56:5 (2008 ed.). In Missouri, the statute of limitations for any wrongful discharge claim begins to run on the date of notice of termination. *See Foster v. BJC Health Sys.*, 121 F. Supp. 2d 1280, 1285 (E.D. Mo. 2000) (noting "the fact that [Plaintiff's] employment continued [into statute of limitations period] does not bring her [discriminatory discharge claim under Missouri Human Rights Act] within the limitations period"); *see also Del. State Coll. v. Ricks*, 449 U.S. 250, 259 (1980) ("[T]he limitations periods commenced to run when the [decision to discharge] was made and [the employee] was notified").

In his proceedings before the USDOL, Plaintiff noted he "was suspended with intent to discharge on [February 14, 2003]," and "was fired subject to union arbitration on [March 5, 2003]."[5] Letter from Hunter R. Levi to Secretary Elaine Chao, U.S. Department of Labor (Nov. 19, 2004), *in Levi v. Anheuser-Busch Co., Inc.*, 2006 SOX 37 (2006) (letter served as administrative complaint

---

5

While the Court generally must ignore materials outside the pleadings when reviewing a motion to dismiss, the Court may consider matters of public and administrative record, or any other material necessarily embraced by the pleadings without converting the motion to dismiss into one for summary judgment. *Deerbrook Pavilion, LLC v. Shalala*, 235 F.3d 1100, 1102 (8th Cir. 2000); *Barnes v. Hennepin County Attorney's Office*, 2008 WL 3263021, at *5 (D. Minn. 2008). Both Plaintiff's letter to Secretary Chao and the entire administrative record of his USDOL proceedings are matters of public record. Moreover, Plaintiff explicitly discussed many of the details of his prior USDOL proceedings in his complaint. As a result, the Court may consider the records from the USDOL proceedings when weighing Defendants' motions to dismiss without converting the motions to motions for summary judgment.

8

to USDOL, and contents of letter were discussed in decision and order of administrative law judge). Plaintiff filed the present lawsuit on May 28, 2008, more than five years after he was notified of Defendant Anheuser-Busch's intent to discharge him. As such, his claims for wrongful discharge are time-barred.

In his response to the motions to dismiss, Plaintiff advances a number of arguments to the contrary, all of which are unavailing. First, Plaintiff claims he was not actually terminated until August 6, 2003. However, as previously noted, in his administrative proceedings before the USDOL, Plaintiff listed February 14, 2003 as the date Anheuser-Busch notified him he was suspended with intent to discharge. Plaintiff also argues Anheuser-Busch was not free to fire him until August 6, 2003, and therefore that date, the date of his official termination, should govern when the appropriate limitations period commenced. However, the fact that Plaintiff's employment continued until August 6, 2003 does not bring his claim within the limitations period–the date Plaintiff received notice of intent to discharge, February 14, 2003, dictates the starting time for the statute of limitations in this instance. *Foster*, 121 F. Supp. 2d at 1285. Finally, Plaintiff also argues the limitations period for his wrongful discharge claims should have been tolled during his extended administrative proceedings. This argument has been soundly rejected by the Supreme Court. *See, e.g., Del. State Coll.*, 449 U.S. at 261 ("[T]he pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods."). Missouri courts have noted "[s]tatutes of limitation may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature, and courts cannot extend those exceptions." *Davidson v. Lazcano*, 204 S.W.3d 213, 217 (Mo. Ct. App. 2006). Plaintiff has presented no exception that would toll the statute of limitations, nor has he presented any other viable argument

9

suggesting his wrongful discharge claim is not time-barred under the circumstances. With Plaintiff's wrongful discharge claim barred by the statute of limitations, Defendants' motion to dismiss is GRANTED to the extent discussed herein, and Plaintiff's claim is DISMISSED.

### B. Civil Conspiracy Claims

Finally, Plaintiff also asserts a claim for civil conspiracy against all of the Defendants named in his complaint. However, a claim of civil conspiracy "does not set forth an independent cause of action[,] but rather is sustainable only after an underlying tort claim has been established." *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 809 (8th Cir. 1999) (ruling on case applying Missouri law). If the underlying tort claims are properly dismissed, a claim for civil conspiracy fails to state a claim for relief as a matter of law, and is properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.*

Plaintiff pled three claims in his complaint: (1) a SOX whistleblower claim, (2) a Missouri state wrongful discharge claim against Anheuser-Busch, and (3) the civil conspiracy claim. The Court already examined the SOX and wrongful discharge claims, and dismissed both claims. Since all possible underlying tort claims pleaded in the complaint have been dismissed, there remains no tort to serve as a foundation for the civil conspiracy claim. Therefore, Plaintiff's civil conspiracy claim fails as a matter of law. *See Hanten*, 183 F.3d at 809. Defendants' motions to dismiss are GRANTED (Docs. 42, 44) to the extent discussed herein, and Plaintiff's civil conspiracy claim is DISMISSED.[6]

---

[6] Some of the individual Defendants have yet to be served in the case, and Plaintiff requests the Court serve these Defendants (Doc. 39). Other Defendants have been served, but have yet to respond. Under the circumstances, neither service on the unserved Defendants nor a response from the unresponsive Defendants is necessary in this instance. There is no reason the Court's analysis of the arguments in the motions to dismiss would not also apply to the unserved or unresponsive Defendants, as Plaintiff has not raised any special claims or issues against them, and the asserted grounds in the motions to dismiss apply equally to all Defendants. Given the unserved and unresponsive Defendants are in

10

Case 4:08-cv-00398-RED   Document 66   Filed 10/27/08   Page 10 of 11

### III. Plaintiff's Motion For Judgment

In his motion for judgment, Plaintiff "asks the Court to strike Levi's termination and issue an immediate judgment for Levi against AB, and award Levi with the actual damages listed in Levi's complaint." Plaintiff claims in the motion his termination "fails as a matter of federal labor law." Nothing in Plaintiff's motion alters the Court's determinations herein that his claims are due to be dismissed. Without a valid claim to proceed on, the Court cannot grant a judgment in Plaintiff's favor. Plaintiff's motion is DENIED (Doc. 47).

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1) & 12(b)(6) (Doc. 42) is GRANTED IN PART and DENIED IN PART AS MOOT; Defendant Aerotek's Motion to Dismiss (Doc. 44) is GRANTED; and Plaintiff's Request for Judgment Against AB, Punitive Damages Hearing and an Adding of Special Damages (Doc. 47) is **DENIED**.

All of Plaintiff's claims against all named Defendants are **DISMISSED WITH PREJUDICE**. Any other motions pending in this case that are not addressed herein are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: October 27, 2008         /s/ Richard E. Dorr
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT

---

substantially the same position as all other Defendants, and the motions to dismiss before the Court are sufficient such that all of Plaintiff's claims may be dismissed based on those motions, the Court will include the unserved and unresponsive Defendants in the discussion of the motions to dismiss before the Court, and *sua sponte* dismiss Plaintiff's claims against them based on the analysis undertaken herein. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related"); *Rose v. Ark. Valley Envtl. & Util. Auth.*, 562 F. Supp. 1180, 1189 n.11 (D. Mo. 1983); *Sheldon v. Vermonty*, 1999 WL 1096043, at *3 (D. Kan. 1999).